O’Connell, J.
Plaintiff alleges that he is the duly appointed, qualified and acting receiver of a company known as the Rhuemaline Company. The said company claims to be the owner of certain “formulas” for making medicine.
In 1909, long prior to the appointment of the receiver, the three individuals named as defendants in the petition, rented from the fourth defendant, the Union Savings Bank & Trust Company, in their individual names, a box in its safe deposit vaults. It was stipulated at the time and so noted on the contract that the box should be opened only in the presence of all three of the renters. In other words, it was a part of the rental contract that the trust company could and would open it only in the presence of .all three of those individuals.
*144 Two of defendants have been served personally with summons. The third can not lie found and an attempt has been made to obtain service on him by publication.
The plaintiff alleges that the “formulas” described in the petition are in the safety deposit box so rented and that the trust company refuses him access to the box. The action he has brought is in the nature of an action in replevin in that he seeks to obtain possession of property of which the defendant trust company unlawfully keeps him out of possession.
A trust and safety deposit company renting space in its vaults to be used by its patrons has no control over the contents-of the vaults, nor is it concerned with contracts made by its patrons with respect to the contents of its vaults, whether made before or after such deposit. The relation between it and its patron is- that of landlord and tenant. It rents a certain space in its building and furnishes a receptacle in which the tenant places his property. The tenant can do with the contents of his box as he pleases. The safety deposit company is no more responsible than is the owner of a building responsible for the use of his chattels made by a tenant, whether such, contracts are made regarding them either before or after the rental of the building.
Under this contract with the renters the box' in its vaults can be opened only in the presence of three defendants. Of course, if one be deceased, his duly accredited legal representative can take his place. If all three were before the court then an entry could be made protecting the trust company.
According to the terms of the petition as presented, the case does not appear to be one in which' service by publication can be had. Were the action one to declare a trust in the three defendants and proper proof presented, a suitable entry could be made protecting the trust company from any claim or demand of the absent defendant should any hereafter arise.
As presented, the relief prayed for against the trust company should be denied.